**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000194**
**29-JUL-2025**
**07:09 AM**
**Dkt. 51 SO**

NO. CAAP-23-0000194

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LONNELL REGINALD WIDEMAN, Plaintiff-Appellant,
v.
PENHALL CONSTRUCTION COMPANY; JIMBO GOMES,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-23-0000061)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

This appeal arises out of the dismissal of self-represented Plaintiff-Appellant Lonnell Reginald Wideman's (**Wideman**) employment discrimination complaint against Defendants-Appellees Penhall Construction Company (**Penhall**) and Penhall project supervisor, James "Jimbo" Gomes (**Gomes**) (together, **Appellees**), arising out of Wideman's approximately two-week employment with Penhall. We affirm.

Wideman appeals from the March 20, 2023 "Order Granting Defendants' Motion to Dismiss All Claims Alleged in

Plaintiff's Complaint, Filed February 9, 2023" (**Dismissal Order**) and December 22, 2023 Final Judgment, both filed and entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Wideman's contentions as follows.

Wideman's January 17, 2023 Complaint alleged nine discernable causes of action that were dismissed following a March 7, 2023 hearing on Appellees' motion to dismiss the Complaint. On appeal, Wideman's Opening Brief[2] challenges the dismissal of three claims: claim 6 under the Hawaiʻi Employment Relations Act, Hawaii Revised Statutes (**HRS**) Chapter 377 (**HRS Chapter 377 claim**); claim 8 under HRS § 657-7; and claim 9 for Intentional Infliction of Emotional Distress (**IIED**).

We review a ruling on a motion to dismiss de novo. Flores v. Logan, 151 Hawaiʻi 357, 366, 513 P.3d 423, 432 (2022).

**HRS Chapter 377 Claim**

Wideman's Opening Brief references HRS § 377-6(6) and 377-7(3), but the latter subsection applies to "Unfair labor practices of employees" (emphasis added) and appears inapplicable. HRS Chapter 377 is the Hawaiʻi Employment

---

[1] The Honorable James H. Ashford presided.

[2] Wideman's Opening Brief contains no points of error as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). To promote access to justice, we liberally interpret pleadings prepared by self-represented litigants and do not automatically foreclose them from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). While we address Wideman's discernible arguments, we do not consider Wideman's exhibits attached to the Opening Brief, as they were not part of the record below and the record on appeal. HRAP Rule 10(a); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 229 n.2, 909 P.2d 553, 557 n.2 (1995) (holding that matters outside the record on appeal may not be appended to an appellate brief).

Relations Act.  HRS § 377-6(6) (2015), applicable to "Unfair labor practices of employers," provides:  "It shall be an unfair labor practice for an employer individually or in concert with others to: . . . (6) Violate the terms of a collective bargaining agreement . . . ."

Referencing and quoting from the exhibits appended to the Opening Brief that are not contained within the record on appeal and may not be considered, see HRAP Rule 10(a), Wideman argues that Appellant's reduction of Wideman's pay "from $40/hour down to $37.40/hour was an unfair labor practice and a violation of the collective bargaining agreement [(**CBA**)] between the Hawai'i's Labor Union and the Contractors Association of Hawaii (Penhall)."

Here, the Complaint alleges a violation of the "Hawaii Laborers" CBA but does not allege that Wideman, or the "Local 368 Labor Union" in which Wideman was a member, was a party to the CBA.  The Complaint does not state how the CBA was violated, or reference the specific provisions of the CBA that Appellees allegedly violated under HRS § 377-6(6).  On this record, the Circuit Court's dismissal of the HRS Chapter 377 claim "pursuant to [Hawai'i Rules of Civil Procedure (**HRCP**)] Rule 12(b)(6) for failure to state a claim upon which relief can be granted" -- was not erroneous.  See Flores, 151 Hawai'i at 366, 513 P.3d at 432.

**HRS § 657-7 claim**

Wideman's contention that the Circuit Court erred in dismissing his HRS § 657-7[3] claim lacks merit.  HRS § 657-7 is a statute of limitations to bar a claim, and does not provide for

---

[3]     HRS § 657-7 (2016), entitled "Damage to persons or property," provides for a two-year statute of limitations for actions to recover "compensation for damage or injury to persons or property."

a cause of action.  The Circuit Court's HRCP Rule 12(b)(6) dismissal of this claim was not erroneous.  See id.

**IIED claim**

Wideman's contention that the Circuit Court's dismissal of the IIED claim was erroneous because Appellees' actions were "outrageous" and "unreasonable," is unpersuasive.

"The elements of IIED are:  (1) that the act allegedly causing harm was intentional; (2) that the act was unreasonable or outrageous; and (3) that the actor should have recognized that the act was likely to result in illness."  Lee v. Aiu, 85 Hawaiʻi 19, 34, 936 P.2d 655, 670 (1997) (cleaned up).  "The terms 'unreasonable' and 'outrageous' have been used interchangeably and have been construed to mean 'without just cause or excuse and beyond all bounds of decency.'"  Id. at 34 n.12, 936 P.2d at 670 n.12 (quoting Chedester v. Stecker, 64 Haw. 464, 468, 643 P.2d 532, 535 (1982)).  IIED does not include "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  Young v. Allstate Ins. Co., 119 Hawaiʻi 403, 425, 198 P.3d 666, 688 (2008) (quoting Restatement (Second) of Torts § 46 comment d (1965)).

We must assume the facts alleged in the Complaint are true and view them in the light most favorable to Wideman to determine if they warrant relief under any legal theory.  Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 257, 428 P.3d 761, 769 (2018).  As Wideman is self-represented, his pleadings "should be interpreted liberally."  Waltrip v. TS Enters., Inc., 140 Hawaiʻi 226, 239, 398 P.3d 815, 828 (2016) (citation omitted).

Here, Wideman's allegations in the Complaint do not support that Appellees engaged in conduct "without just cause or excuse and beyond all bounds of decency."  See Lee, 85 Hawaiʻi at

34 n.12, 936 P.2d at 670 n.12 (citation omitted). Wideman alleged that Gomes told him, after Wideman had worked at Penhall "for almost two weeks," that "I'm reducing your pay from labor I to labor II ($37.40 per hour) because you don't have your certifications"; Gomes then said, "I don't know why the union sent you guys over here without your certs [sic]"; and that Gomes then said "either you sign this or I send you back to the union." Wideman alleged he "signed the document not fully understanding at the time that the document was a re-dispatch form from the labor union for [Wideman] to work as labor II."

Wideman asserts the foregoing events left him feeling "humiliated and mistreated" by Appellees. Viewing the Complaint in the light most favorable to Wideman, Appellees' alleged conduct did not rise to the level of outrageousness or "beyond all bounds of decency" required for an IIED claim. See id. (citation omitted). The Circuit Court did not err in its HRCP Rule 12(b)(6) dismissal of this claim. See Flores, 151 Hawaiʻi at 366, 513 P.3d at 432.

Wideman's November 24, 2023 motion for oral argument under HRAP Rule 34(a), is respectfully denied.

For the foregoing reasons, we affirm the March 20, 2023 Dismissal Order and December 22, 2023 Final Judgment, both filed and entered by the District Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, July 29, 2025.

On the briefs:

Lonnell Reginald Wideman,
Self-Represented Plaintiff-
Appellant.

Mark G. Valencia,
for Defendants-Appellees.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge